UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LUKAS SIMINISKI,

        Petitioner,

v.

        CASE NO. 17-CV-13549
        HONORABLE MARK A. GOLDSMITH

THOMAS WINN,

        Respondent.
_____/

**OPINION & ORDER**
**(1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Michael Lukas Siminski ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentence. Petitioner pleaded guilty but mentally ill to carjacking, Mich. Comp. Laws § 750.529a, and assault with intent to commit murder, Mich. Comp. Laws § 750.83, in the Shiawassee County Circuit Court. He was sentenced to concurrent terms of 9 to 20 years imprisonment. In his pleadings, Petitioner asserts that the state trial court relied upon material false information at sentencing, which he had no opportunity to correct, in violation of his federal due process rights.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the

1

petition.  Id., see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief.  McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State.  Allen, 424 F.2d at 141; Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief and denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from his conduct in acting menacingly toward customers at a gas station, forcing a woman outside and wielding a knife to commit a carjacking, and then driving into a stationary car occupied by Jacqueline Mavis in Shiawassee County, Michigan on March 6, 2015.  Pet. at 2, PageID.3 (Dkt. 1); Pet. Br. at 1, PageID.11 (Dkt. 1); 9/15/2016 Tr. at 45, PageID.89 (Dkt. 1-3).  Petitioner was charged with 13 felonies.  Pet. Br. at 1, PageID.11.  The Michigan Center for Forensic Psychiatry subsequently found that Petitioner, at the time of the incident, suffered from mental disorders and flashbacks cause by combat service in Iraq.  Pet. at 2, PageID.3; Pet. Br. at 2, PageID.12.  On January 19, 2016, Petitioner pleaded guilty but mentally ill to carjacking and assault with intent to murder in exchange for the dismissal of the other charges.  Id. at 1-2, PageID.11-12.  Prior to sentencing, the parties discussed the possibility of allowing

2

Petitioner to participate in a Veterans Court operated by the Genesee County Circuit Court. Id. at 2-4, PageID.12-14. The trial court, however, subsequently concluded that Petitioner could not participate in that program because he was a violent offender. Id. at 4, PageID.14. On March 11, 2016, the trial court conducted a hearing and sentenced Petitioner to concurrent terms of 9 to 20 years imprisonment, which was a downward departure from the minimum sentence guideline range of 11 years 3 months to 18 years 9 months imprisonment. Id. at 2, 4, PageID.12, 14.

Petitioner subsequently moved for re-sentencing, arguing, in part, that Ms. Mavis did not suffer "serious bodily injury" and was exaggerating her injuries (such that Petitioner should not be deemed a violent offender ineligible for the Veterans Court program and certain offense variable scores should be amended). Id. at 4, PageID.14. The record indicates that Ms. Mavis suffered cracked teeth, three broken ribs, a cracked pelvis, a fractured spine, an injured spleen requiring a splenectomy, a concussion with loss of consciousness, pain and suffering during rehabilitation, a permanent scar, and lost cognitive skills. Id. at 5, PageID.15. She was hospitalized for nine days and returned to work in August 2015. Id. In the re-sentencing motion, Petitioner argued that the broken bones had fully healed, that the pelvis and spinal injuries were hairline fractures, that the spleen was an unneeded organ, and that its removal was not a major operation. Id.

The prosecutor's response to the motion included medical documents indicating that Ms. Mavis still had intermittent left ankle pain that limited her ability to ambulate freely and that she suffered anxiety and a panic attack after being informed about the re-sentencing motion. Id. at 6, PageID.16. Petitioner then obtained Facebook images showing Ms. Mavis kneeling with a wax figure in Las Vegas in January 2016 and showing her standing in a cave in August 2016, which he

3

asserts cast doubt upon the severity of her injuries. Id. at 6-7, PageID.16-17.[1]  Petitioner also obtained documents showing that Ms. Mavis's daughter applied for her marriage license in June 2015 (after the crime), which he asserts discredits her sentencing letter that her mother missed her July 2015 wedding due to her injuries, as well as documents indicating that Ms. Mavis's son had his own business from 2013 to the present, which he asserts discredits his sentencing statements that the ordeal cost him his job and he spent months on unemployment. Id. at 14-15, PageID.24-25.[2]

At the re-sentencing hearing, the trial court refused to consider the additional materials because the court disagreed with Petitioner's arguments about how to determine whether he was a "violent offender" and how to define "serious bodily injury" under state law. In essence, the court determined that the materials were irrelevant because the facts of the crime showed that it was a violent offense and that Petitioner was a violent offender and because the extent of Ms. Mavis's injuries, particularly the fact that she lost her spleen, was sufficient to establish that she suffered serious bodily injury as a matter of state law. The trial court then reviewed the scoring of the offense variables, but ultimately denied the motion. See 9/15/2016 Tr. at 41-49, PageID.85-93.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." People v. Siminski, No. 335096 (Mich. Ct. App. Nov. 18, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Siminski, 900 N.W.2d 880 (Mich. 2017).

---

[1] The images were posted approximately 10 months and 17 months after the crime.

[2] Petitioner neither alleges nor establishes that Ms. Mavis attended her daughter's wedding, nor does he establish that Ms. Mavis's son did not lose a job independent of his business.

Petitioner, through counsel, filed his federal habeas petition on October 31, 2017.

## II. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., govern this case because Petitioner filed his petition after the AEDPA's effective date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS

Petitioner asserts that he is entitled to habeas relief because the trial court relied upon inaccurate information at sentencing concerning Ms. Mavis's injuries which he had no opportunity to correct in violation of his due process rights. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented.

The state court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.[3] Claims which arise out of a state trial

---

[3] The Court notes that it would reach the same result under a de novo standard of review.

court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. See Mich. Comp. Laws §§ 750.529a, 750.83. Sentences imposed within the statutory limits are generally not subject to federal habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Lucey, 185 F. Supp. 2d at 745; Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner asserts that his sentence violates federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447 (1972); United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v. Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner makes no such showing. The record shows that he had a sentencing hearing and a re-sentencing hearing before the state trial court with an opportunity to challenge his sentence. Petitioner also presented his sentencing issues and supporting documents to the state appellate courts and was denied relief. That is all the process he was due. The fact that the trial court refused to consider the newly-discovered Facebook posts or other documents at the re-sentencing hearing because it disagreed with Petitioner's arguments for their relevancy does not mean that Petitioner was denied due process.

Additionally, not all inaccuracies deprive a defendant of due process. The alleged incorrect information must be "materially untrue." Townsend, 334 U.S. at 741. Petitioner fails to show that the trial court relied upon an "extensive and materially false foundation" in imposing his sentence. The record indicates that Ms. Mavis suffered cracked teeth, three broken ribs, a cracked pelvis, a fractured spine, an injured spleen requiring a splenectomy, a concussion with loss of consciousness, pain and suffering during rehabilitation, a permanent scar, and lost cognitive skills. Such bodily injuries are serious – even if Ms. Mavis was able to overcome them or mitigate their effects many months after the crime and even if the long-term impact of certain injuries was "exaggerated."

Moreover, Petitioner fails to show that the trial court relied upon any critical inaccurate information in imposing sentence. At the re-sentencing hearing, the trial court explained that its decision that Petitioner committed a violent offense, and therefore was a violent offender, and that Ms. Mavis suffered serious bodily injury was justified by the circumstances of the crime and the fact that Ms. Mavis lost her spleen due to Petitioner's conduct – information which is undisputed. Petitioner thus fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred. Habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Petitioner fails to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability. The Court also denies Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

SO ORDERED.

Dated: August 27, 2018  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2018.

s/Karri Sandusky  
Case Manager